| | | |
|---|---|---|
| JOHN TIETJEN<br>977 County Road 59<br>Bainbridge, New York 13733 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | CECIL COUNTY |
| E.I. DUPONT DE NEMOURS<br>AND COMPANY<br>1007 Market Street<br>Wilmington, DE 19898 | * | Case No. |
| | * | |
| SERVE ON:<br>The Corporation Trust Incorporated<br>300 East Lombard Street<br>Baltimore, MD 21202 | * | |
| DUPONT CANADA, INC.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148 | * | |
| SERVE ON:<br>D. W. COLCLEUGH<br>Chairman, President and<br>Chief Executive Officer<br>DuPont Canada, Inc.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148 | * | |
| D. W. COLCLEUGH<br>DuPont Canada, Inc.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148 | * | |
| W.K. DOBSON<br>DuPont Canada, Inc.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148 | * | |



| | |
|---|---|
| L.Y. FORTIER<br>DuPont Canada, Inc.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148 | *<br>*<br>*<br>* |
| J.E. FYRWALD<br>DuPont Canada, Inc.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148 | *<br>*<br>*<br>* |
| P.S. JANSON<br>DuPont Canada, Inc.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148 | *<br>*<br>*<br>* |
| M. VRIJSEN<br>DuPont Canada, Inc.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148 | *<br>*<br>*<br>* |
| G.F. OSBALDESTON<br>DuPont Canada, Inc.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148 | *<br>*<br>*<br>* |
| H.T. RICHARDSON<br>DuPont Canada, Inc.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148 | *<br>*<br>*<br>* |
| and | * |
| D. W. MUZYKA<br>DuPont Canada, Inc.<br>7070 Mississauga Road<br>Mississauga, Ontario, Canada<br>L5N 5148<br>        Defendants | *<br>*<br>*<br>*<br>* |

* * * * * * * * * * * *

## COMPLAINT

## CLASS ACTION

John Tietjen, Plaintiff, by his attorneys, Barry Bach, Steven A. Allen, Charles F. Morgan and Gerald M. Katz, sues E.I. duPont de Nemours and Company, DuPont Canada, Inc., D.W. Colcleugh, W.K. Dobson, L.Y. Fortier, J.E. Frywald, P.S. Janson, M. Vrijsen, G.F. Osbaldeston; H.T. Richardson and D.W. Muzyka, Defendants, and alleges upon information and belief, except as to paragraph 1, which is alleged upon personal knowledge, as follows:

## THE PARTIES

1. Plaintiff John Tietjen ("Plaintiff") is a resident of Bainbridge, New York. Plaintiff is the owner of Class A common shares of Dupont Canada, Inc. ("DCI" or the "Company"), Defendant, and has been the owner of such shares continuously since prior to the wrongs complained of herein.

2. Defendant E.I. duPont de Nemours and Company ("DuPont") is a Delaware corporation with its principal place of business located in Wilmington, Delaware, United States. DuPont is a global science and technology company with operations in high performance materials, specialty chemicals, pharmaceuticals, and biotechnology. As of April 9, 2003, DuPont owned approximately 76% of DCI's outstanding common stock. By virtue of its equity stake and its control of the everyday affairs of DCI, DuPont is in a fiduciary relationship with Plaintiff and the other public stockholders of DCI, and owes Plaintiff and the other members of the class the highest obligations of good faith, fair dealing, due care, loyalty and full, candid and adequate

disclosure. DuPont is duly licensed to do business in the State of Maryland, and in fact does business in Maryland.

3. Defendant DuPont Canada, Inc. ("DCI" or the "Company"), is a Canadian corporation which transacts business in Maryland, through its wholly owned subsidiary Liqui-Box Corporation, a manufacturer of packaging systems for pumpable food products for institutional applications, which maintains facilities in Elkton, Maryland. DCI is a diversified science company. The wide range of products sold by DCI includes nylon industrial yarn, synthetic fibers, polymer resins, packaging films, automotive finishes, crop protection products, and industrial chemicals. The Company sells to approximately 3,000 customers in Canada, the United States and 40 other countries. The Company's common stock is traded on the Toronto Stock Exchange under the symbol "DUPa.TO." and over-the-counter in the United States.

4. Defendant D.W. Colcleugh ("Colcleugh") is Chairman, President, and Chief Executive Officer of DCI.

5. Defendant J.E. Fyrwald ("Fyrwald") is a director of DCI. Fyrwald is also Vice President and General Manager of the DuPont Nutrition & Health division of DuPont.

6. Defendant M. Vrijsen ("Vrijsen") is a director of DCI. Vrijsen is also President of DuPont Europe, Middle East and Africa.

7. Defendant D.W. Muzyka ("Muzyka") is a director of DCI. Muzyka also serves as President and General Manager of DuPont Mexico, and has held various positions with DuPont since 1994.

8. Defendants W.K. Dobson, L.Y. Fortier, P.S. Janson, G.F. Osbaldeston, and H.T. Richardson are and at all relevant times have been directors of DCI.

9. The defendants referred to in paragraphs 4 through 8 are collectively referred to herein as the "Individual Defendants." All of the Individual Defendants have the power to control and direct the activities of DCI and in fact do control and direct DCI's activities.

10. By reason of the above Individual Defendants' positions with the Company as officers an/or directors, said individuals are in a fiduciary relationship with Plaintiff and the other public stockholders of DCI, and owe Plaintiff and the other members of the class the highest obligations of good faith, fair dealing, due care, loyalty and full, candid and adequate disclosure.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on his own behalf and as a class action pursuant to Maryland Rule 2-231, on behalf all shareholders of DCI common stock, or their successors in interest, who are being and will be harmed by defendants' conduct described herein (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation or other entity related to or affiliated with any of the defendants.

12. This action is properly maintainable as a class action.

13. The Class is so numerous that joinder of all members is impracticable. As of April 9, 2003, there were approximately 66 million shares of DCI common stock in the public float, owned by thousands of public shareholders.

14. There are questions of law and fact which are common to the Class including, *inter alia*, the following:

(a) whether defendants have improperly engaged in a course of conduct designed to benefit themselves at the expense of DCI's public stockholders; and

(b) whether Plaintiff and the other members of the Class would be irreparably damaged were the transactions complained of herein consummated.

15. Plaintiff is committed to prosecuting this action, and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff has the same interests as the other members of the Class. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

16. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to the individual members of the Class which would establish incompatible standards of conduct for defendants, or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair their ability to protect their interests.

17. Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

18. On or about March 19, 2003, DuPont announced that it was proposing to acquire all of the publicly held shares of DCI common stock. Under the terms of the

proposed offer, DCI's public shareholders will receive $21.00 (Canadian) per share in cash. The Board of DCI, entirely controlled by DuPont, has not surprisingly recommended that the Company's public shareholders accept the offer.

19.  On or about April 17, 2003, Dupont circulated offering materials seeking to convince the Company's public shareholders to tender at $21.00 per share. Although Dupont states that it is in discussions with third parties concerning selling its global textiles and interiors business, of which DCI constitutes a substantial part, there is no material information concerning the identity of the potential acquirer or the price at which the global T&I business would be sold. This information is material to DCI's public shareholders and must be disclosed.

20.  Moreover, DuPont has timed the proposal to freeze out DCI shareholders in order to capture for itself the Company's future potential without paying an adequate or fair price to the Company's public shareholders. Prior to the buyout announcement, DCI common stock traded in excess of the proposed consideration as recently as January 31, 2003. Since the buyout was announced, DCI common stock has traded above the $21.00 per share price. Moreover, DCI common stock has consistently traded above the proposed price throughout the trailing 52-week period.

21.  DuPont has timed the announcement of the proposed buyout to place an artificial lid on the market price of DCI stock so that the market would not reflect DCI's improving potential, thereby purporting to justify an unreasonably low price.

22.  DuPont has access to internal financial information about DCI, its true value, expected increase in true value, and the benefits of 100% ownership of DCI to which Plaintiff and the Class members are not privy. DuPont is using such inside

information to benefit itself in this proposed transaction, to the detriment of DCI's public stockholders.

23. DuPont has clear and material conflicts of interest and is acting to better its own interests at the expense of DCI's public shareholders. DuPont has voting control of the Company and controls its proxy machinery. DuPont has selected and controls all of the Company's directors, who, are beholden to DuPont for their offices and the valuable perquisites which they enjoy therefrom.

24. DuPont is engaging in self-dealing and not acting in good faith toward Plaintiff and the other members of the Class. By reason of the foregoing, DCI and the Individual Defendants have breached and are breaching their fiduciary duties to the members of the Class.

25. Unless the proposed transaction is enjoined by the Court, defendants will continue to breach their fiduciary duties owed to Plaintiff and the members of the Class to the irreparable harm of the members of the Class.

26. Plaintiff and the Class have no adequate remedy at law.

27. As a result of the Defendants' wrongs complained of herein, Plaintiff and the members of the Class suffered damages.

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A. Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative;

B. Preliminarily and permanently enjoining defendants and all persons acting in concert with them, from proceeding with, consummating or closing the proposed transaction;

C. In the event the proposed transaction is consummated, rescinding it and setting it aside or awarding rescissory damages to the Class;

D. Directing defendants to account to Class members for their damages sustained as a result of the wrongs complained of herein;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees;

F. Granting such other and further relief as this Court may deem just and proper.

*Barry Bach* /CFM

BARRY BACH
CHARLES F. MORGAN
GERALD M. KATZ
HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road, Suite 400
Towson, MD 21204
(410) 938-8800
Attorneys for Plaintiff

Of Counsel:
SCHIFFRIN & BARROWAY, LLP
Marc A. Topaz
Gregory M. Castaldo
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania 19004
(610) 667-7706